IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOE ANTHONY SANTIAGO, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 08-00150-S-EJL |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| IDAHO MAXIMUM SECURITY | ) | |
| INSTITUTION, and | ) | |
| JOANNA SMITH, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

In its Initial Review Order in this habeas corpus matter, the Court noted that the Petition appeared not to have been timely filed. (Docket No. 5.) Petitioner filed a response to the Order, and Respondent has lodged the state court record. After reviewing Petitioner's response and the record in this case, the Court reaffirms that the Petition was filed after the expiration of the one-year statute of limitations in 28 U.S.C. § 2244(d). The cause of action shall be dismissed.

## BACKGROUND

After entering a guilty plea in state district court, Petitioner was convicted of one count of possession of methamphetamine, and he was sentenced to seven years in prison with the first three years fixed. (Docket No. A-2, pp. 90-91.) The trial retained jurisdiction for 180 days, and thereafter released Petitioner on probation. (Docket No. B-1, p. 3.)

**MEMORANDUM ORDER - 1**

Petitioner agreed to enter a guilty plea to the charge upon the condition that he would be permitted to appeal from the trial court's denial of a motion to suppress. On appeal, however, he only challenged the length of his underlying prison sentence. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and Petitioner did not seek additional review in the Idaho Supreme Court. (State's Lodging B-4.) The Court of Appeals issued the Remittitur on May 8, 2002. (State's Lodging B-5.)

Over two years later, the trial court revoked Petitioner's probation and reinstated its original prison sentence. (State's Lodging A-5, p. 4-5.) A new Judgment and Commitment on Probation Violation was entered on November 17, 2004. (State's Lodging A-5, p. 3.) Although Petitioner did not appeal, he filed a motion to reduce or correct his sentence under Idaho Criminal Rule 35. The trial court did not reduce the sentence but it did modify the fixed and indeterminate portions of the term to three years fixed followed by four years indeterminate. (State's Lodging A-5, pp. 6-7.)

Another three and one-half years passed before Petitioner filed a motion for discovery in the state trial court on March 7, 2008. (State's Lodging A-6.) That motion was denied, and the Idaho Supreme Court eventually dismissed Petitioner's attempt to appeal from the district court's non-appealable order. (State's Lodging C-5.)

Petitioner initiated the present habeas corpus action on March 20, 2008.

**MEMORANDUM ORDER - 2**

## STANDARD OF LAW

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996). Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event is the date upon which the judgment became final, either after direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is known as "statutory tolling." The limitations period also may be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

A federal court has the authority to dismiss a habeas petition summarily if it is obvious that the statute of limitations has expired and if the petitioner has first been given notice and an opportunity to address the issue. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

**MEMORANDUM ORDER - 3**

## DISCUSSION

The original judgment of conviction became final on August 6, 2002, which was 90 days after the Idaho Court of Appeals issued its Remittitur. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that a judgment becomes final after the time for filing a petition for writ of certiorari in the United States Supreme Court has elapsed). The limitations period started at that time and expired one year later, on August 6, 2003. The period was not statutorily tolled because Petitioner did not have a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" during that time. 28 U.S.C. § 2244(d)(2).

Although a new Judgment and Commitment on Probation Violation was entered on November 17, 2004, all of Petitioner's habeas claims relate to his arrest and prosecution, which led to original judgment of conviction. Therefore, finality of the original judgment is the correct starting point for the statute of limitations under 28 U.S.C. § 2244(d)(1). The March 2008 Petition for Writ of Habeas Corpus is several years out of time.

However, even if the clock started to run only after the new judgment was entered, the federal Petition would still be untimely. If the limitations period were tolled during the time that Petitioner's Rule 35 motion was pending in 2004 and 2005, the period would have started again 42 days after the trial court's order disposing of the motion, on April 27, 2005, because Petitioner did not appeal. Under that scenario, the one-year period would have expired, at the latest, in April 2006. Petitioner's subsequent motions filed in state court in 2008 would not have tolled an already expired statute of limitations.

**MEMORANDUM ORDER - 4**

Petitioner has not shown that he diligently attempted to pursue his rights but that an extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is not applicable.

For these reasons, this case shall be dismissed.

### PETITIONER'S OTHER MOTIONS

Petitioner has filed numerous miscellaneous papers, motions, and documents with this Court, many of which are nearly incomprehensible. To the extent that Petitioner has sought summary judgment, a default judgment, or judgment on the pleadings, those motions shall be denied.

This case will be closed. Petitioner is advised that he shall not file any other post-judgment motions other than a motion for a certificate of appealability or, for good cause, a motion for reconsideration or relief from judgment. Any other motions or papers will be returned to Petitioner unfiled or will be summarily dismissed.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Default Judgment (Docket No. 10), Motion for Judgment Under Rule 50(b) (Docket No. 12), and Motion for Summary Judgment (Docket No. 14) are DENIED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely. This case shall be closed.

IT IS FURTHER ORDERED that Petitioner shall not file any further motions in this closed case except a notice of appeal and motion for a certificate of appealability or,

**MEMORANDUM ORDER - 5**

for good cause, a motion for reconsideration or relief from judgment. Petitioner shall clearly label any future motion as falling within one of these categories. Any other motions or papers will be returned to Petitioner unfiled or will be summarily dismissed.

DATED: **February 26, 2009**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 6**